HOSPITAL DISTRICTS: CONTRACTS: Hospital Districts created under Minn. Stat. §§ 447.31, *et. seq.*, are subject to the bidding requirements of Minn. Stat. § 471.345 (2000). Op. Atty. Gen. 1001K, April 18, 1962 superceded.

1001 K

May 8, 2002

Ronald R. Frauenshuh, Sr.
FRAUENSHUH & SPOONER, P.A.
113 Washburne Avenue
Paynesville, MN 56362

Dear Mr. Frauenshuh :

Thank you for your letter of April 1, 2002. In that letter, you present substantially the following facts.

## FACTS

The Paynesville Area Hospital District ("the District") has undertaken a project involving an addition to its hospital and remodeling of the associated nursing home. Due to a "freeze" in nursing home rooms, an earlier plan to also construct an addition to the nursing home was not implemented. The original plan would have replaced two-person shared rooms with private rooms. Recently the State has authorized the District to go ahead with the planned additions. The District would like to have the added work done by the contractors now on site in order to minimize disruption of the elderly patients who have already been displaced once to accommodate the remodeling. You note that in Op. Atty. Gen. 1001K, April 18, 1962, the Attorney General concluded that hospital districts such as the Paynesville District, created pursuant to Minn. Stat. §§ 447.31, *et seq.*, were not statutorily required to advertise for bids on construction contracts.

## QUESTION

Is the Paynesville Area Hospital District subject to the bidding requirements contained in Minn. Stat. §§ 471.345, *et seq.* in contracting for construction work?

## OPINION

As qualified below, we answer your question in the affirmative.

First Minn. Stat. § 471.345 (2000) (the Uniform Municipal Contracting Law) requires a contract for over $50,000[1] entered into by a "municipality" for "construction, alteration, repair or maintenance of real property to be let upon public solicitation of sealed bids."

Second, a "municipality" for purposes of this requirement is defined as.

> "a county, town, city, school district or *other municipal corporation or political subdivision* of the state authorized by law to enter into contracts."

(Emphasis added). According to Minn. Stat. § 447.31, subd. 6, a hospital district "created or reorganized under sections 447.31 to 447.37 is a municipal corporation and a political subdivision of the state. . ." Therefore, a hospital district such as the Paynesville Area District is plainly subject to the requirements of section 471.345.

Third, section 471.345 was first enacted in 1969. *See* Act of June 4, 1969, Ch. 934, § 1, 1969 Minn. Laws 1803. Therefore, it was not in existence when Op. Atty. Gen. 1001K, April 18, 1962 was issued. Nor does there appear to have been any other statutory bidding requirement applicable to hospital districts at that time. Thus, while the 1962 opinion appears to be a correct application of 1962 law, it is no longer applicable in light of Minn. Stat. § 471.345.

Finally, while some alteration of work to be performed under an existing government construction contract may be made without advertising for bids, it is not generally permissible to make changes that substantially change the nature of the project without soliciting bids for a new contract. *See, e.g., Griswold v. Ramsey County,* 242 Minn. 529 (1954), Hanna v. Board of Education of Wicomico Co. 200 Md. 49, 87 A.2d 846, Ops. Atty. Gen. 161a-8 January 5, 1965, May 9, 1956 and March 7, 1950. Whether a particular proposal would constitute a change of sufficient magnitude to necessitate letting a new contract is, for the most part, a fact issue beyond the scope of opinions of the Attorney General. *See, e.g.,* Op. Atty. Gen. 629a, May 9, 1975.

Very truly yours,

MIKE HATCH
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

---

[1] For municipalities under 2,500 in population, the threshhold amount is $35,000.